**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROY SULLIVAN                                                       CIVIL ACTION

VERSUS                                                            NO. 23-1450-JWD-RLB

ATLANTIC PLANT MAINTENANCE

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 29, 2026.

 

_____

   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**

1

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

ROY SULLIVAN                                    CIVIL ACTION

VERSUS                                          NO. 23-1450-JWD-RLB

ATLANTIC PLANT MAINTENANCE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Atlantic Plant Maintenance's ("Defendant") Motion for Summary Judgement (the "MSJ"). (R. Doc. 47). Roy Sullivan ("Plaintiff") has filed no timely opposition. Also before the Court is Defendant's Motion to Compel (the "Motion to Compel"). (R. Doc. 45).

I.      **Background**

On October 6, 2023, Plaintiff filed a complaint in this Court against Defendant, bringing many race-based Title VII claims. (R. Doc. 1). That complaint was later amended on March 11, 2024, and the Amended Complaint is now the official complaint. (R. Doc. 18). On March 11, 2025, the Court dismissed with prejudice all of Plaintiff's claims against Defendant except his Title VII retaliation claim. (R. Doc. 38). On December 31, 2025, Defendant filed its Motion to Compel, and Plaintiff filed an opposition on January 13, 2026. (R. Docs. 45; 46). The Motion to Compel is currently pending before this Court. On January 30, 2026, Defendant filed a Motion for Summary Judgment (the "MSJ"), arguing the Title VII retaliation claim should be dismissed with prejudice. (R. Doc. 47). Plaintiff failed to file a timely response to Defendant's MSJ.[1] Based on the following, this Court recommends that the MSJ be granted, that the Motion to Compel be denied as moot, and that the instant case be dismissed with prejudice.

---

[1] Local Rule 7 requires a party to file its "response, including opposing affidavits, and such supporting documents as are then available, within twenty-one days after service of the motion." This deadline passed on February 20, 2026.

2

## II.    Law and Analysis

### A.    Legal Standards

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Fed. R. Civ. P. 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Yet, summary judgment must be entered against a non-movant plaintiff if he or she fails to make an evidentiary showing sufficient to establish the existence of an element essential to his or her claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an essential element, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Id.*, at 323.

Title VII "forbids an employer from discriminating against an employee or job applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (cleaned up) (quotations and citation omitted). Where "a retaliation case is based on circumstantial evidence," courts "apply the *McDonnell Douglas* framework." *Brown v. Wal-Mart Stores East, L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (citations omitted). "Under this framework, the plaintiff has the burden to prove a prima facie case of retaliation by showing (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the

3

adverse employment action." *Id* (quotations and citation omitted). Once a prima facie Title VII

retaliation case is established, the burden shifts to the defendant "to provide a legitimate, non-

discriminatory reason for the adverse employment action." *Id.* If the defendant carries its burden,

"the plaintiff has the burden to prove that the proffered reason is pretextual." *Id.*

**B.      The Undisputed Facts Relevant to the MSJ**

As Plaintiff failed to object to Defendant's Statement of Uncontested Material Facts, the

following are the undisputed facts relevant to the MSJ:

- Plaintiff is a member of a union (the "Union") that Defendant contacts to hire workers. Plaintiff worked in Defendant's customers' power plants. Before showing up for work, Plaintiff would not contact any representatives of Defendant; the Union set up the work. (R. Docs. 47-2; 47-12).

- Plaintiff worked on many projects for Defendant, but he was released three times before his projects ended. In April of 2015, he was released after he arrived without the necessary tools. In September of 2017, he was released for often being absent. In October of 2021, he was released for being repeatedly absent and not following directions. (*Id.*).

- On October 14, 2021, a week after being released, Sullivan asked his Union to file a grievance with Defendant for him, claiming the following in his statement:
  - He was the only person of color in a room during training on September 21, 2021;
  - he was rushed through training, because he was told by Defendant's timekeeper and a supervisor that he would be terminated if he did not complete his paperwork quickly and finish his computer training by September 24, 2021;
  - his in-person plant facility orientation was delayed by a day, from September 27, 2021 to September 28, 2021, so that another employee, who was white, could go through orientation at the same time as him;
  - a supervisor shook the hand of the other employee and introduced himself, but did not shake Plaintiff's hand, only publicly telling Plaintiff he must finish timely;
  - the other employee was given time to complete his training after what Plaintiff understood to be the September 24, 2021 deadline;
  - he was written up for failing to follow instructions by not showing up to a designated trailer, despite never being told to go to the trailer, and when others were confused about whether to go to the trailer and instead reported to the break room, they were not written up for failing to follow instructions; and
  - he was given a rude face when he spoke to his supervisor. (R. Docs. 47-2; 47-9).

- On October 15, 2021, Plaintiff's Union sent the requested grievance to Defendant, but it withdrew the grievance on November 5, 2021 after Plaintiff failed to provide additional information or witnesses to his claims after being asked to do so. (R. Docs. 47-2; 47-10).

- In December of 2022, the Union referred Plaintiff for Defendant's Riverbend project. By letter dated December 15, 2022, Defendant, through Marc Campo ("Campo"), denied the referral and asked that Plaintiff not show up for any future referrals (the "Denial"). It was

based on Plaintiff's poor work history. Campo was unaware of the Union's grievance or its withdrawal when he denied Plaintiff's referral. (R. Docs. 47-2; 47-4; 47-12).

- Plaintiff filed a charge with the Equal Employment Opportunity Commission on June 30, 2023, and a right to sue letter was issued on July 10, 2023. (R. Docs. 47-2; 47-11).

**C.      Arguments of the Parties**

Plaintiff alleges he left his employment with Defendant after being discriminated against because, among other things, he was not "given additional time to complete computer based training[,]"was "threatened with termination if he did not complete the training within the specified time period[,]" and was "subjected to a write-up for meeting with the computer based trainer at a particular location whereas Caucasian employees were not written-up for meeting the trainer at the same location." (R. Doc. 18 at 2). Plaintiff alleges these occurrences forced him to leave the job and file a grievance with Defendant through the Union. He claims that after the grievance was sent to Defendant, he was denied further employment by Defendant as a result.

In its MSJ, Defendant argues Plaintiff's Title VII retaliation claim fails since (i) he never applied for a job with Defendant and thus did not suffer an adverse employment action, (ii) he did not engage in a Title VII protected activity, and (iii) he has not shown his alleged actions were the cause of Defendant's refusal to hire him. (R. Doc. 47-1). Defendant also argues that, even if Plaintiff has established a prima facie Title VII retaliation claim, he was refused future employment for valid reasons other than discrimination. Defendant also argues that because Plaintiff did not file a charge with the Equal Employment Opportunity Commission until June 30, 2023, any claims he may have prior to September 3, 2022 must be considered untimely. This Court agrees. *See Boe v. Heart Clinic of Hammond, LLC*, No. CV 17-00217-BAJ-RLB, 2017 WL 5985571, at *3 (M.D. La. Dec. 1, 2017) (citation omitted) (to sue under Title VII plaintiffs must file a charge with Equal Employment Opportunity Commission within 300 days of the alleged discriminatory conduct).

While Plaintiff may raise matters dating back to September of 2021, the only alleged retaliatory conduct considered here is Defendant's Denial in December of 2022.

### D.    Analysis

This Court finds that, because Defendant has demonstrated that there is no causal link between Plaintiff's grievance request and Defendant's Denial, the Court need not conduct a detailed analysis of whether Plaintiff engaged in a protected activity or whether Plaintiff suffered an adverse employment action. This is because, even if Plaintiff has shown he engaged in a protected activity and suffered an adverse employment action, if there is no causal link between the alleged adverse employment action and the alleged protected activity, Plaintiff's retaliation claim cannot stand. The following analysis focuses on the causal link issue and on Defendant's arguments that its decision was based on legitimate, nondiscriminatory reasons.

### i.    Whether There Is a Causal Link Between the Alleged Protected Activity and the Alleged Adverse Employment Action

Defendant argues that, because so much time passed between the grievance and Defendant's Denial, the temporal proximity between the two events does not support the existence of a causal link. Defendant also notes that, when writing the Denial, Campo did not know of the grievance. Accordingly, Defendant argues Plaintiff cannot satisfy the cause element of a prima facie case of retaliation.

"[A] plaintiff can meet his burden of causation [ at the prima facie stage] simply by showing close enough timing between his protected activity and his adverse employment action." *Brown*, 969 F.3d at 577 (citation omitted). "A plaintiff alleging retaliation may satisfy the causal connection element by showing close timing between an employee's protected activity and an adverse action against him[, but such] temporal proximity must generally be very close. *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.,* 730 F.3d 450, 454 (5th Cir. 2013) (quotations and citations omitted). "[A] time lapse of up to four months may be sufficiently close . . . while a five month lapse is not

close enough without other evidence of retaliation[.]" *Id.,* at 454-55. But "even at the *prima facie* stage, temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity." *Thompson v. Somervell Cty.*, 431 F. App'x 338, 342 (5th Cir. 2011) (citation omitted).

Since the summary-judgment record shows the Union sent the grievance to Defendant fourteen months before the alleged retaliation, and that length of time is much longer than the four-month window permitting a retaliation inference from temporal proximity alone, the Court examines whether Plaintiff has supplied additional evidence of retaliation. *See Feist,* 730 F.3d at 454. Here, Plaintiff has failed to even respond to the MSJ, so this Court can only look to the record for additional evidence of retaliation. Nothing in the record reveals Campo knew anything about Plaintiff's grievance request or his Union's withdrawn grievance notice before the Denial. Campo himself has declared, under penalty of perjury, that he "was unaware of [the Union's] grievance at the time [he] issued the [Denial] to the Union in December of 2022." (R. Doc. 47-12). Because Plaintiff fails to provide any evidence to show this is not the case, and because the length of time between the grievance and the Denial is so long, Plaintiff has failed to show there was a causal link between the grievance and Defendant's Denial. *See Ramirez v. Gonzales*, 225 F. App'x 203, 210 (5th Cir. 2007) ("Fifth Circuit precedent requires evidence of knowledge of the protected activity on the part of the decision maker and temporal proximity between the protected activity and the adverse employment action.")). As a causal link is necessary to establish a prima facie case of retaliation, Plaintiff has failed to establish a prima facie case of retaliation and his case may be dismissed with prejudice.

        **ii.**        **Whether Defendant Has Shown its Decision Was Based on Legitimate Nondiscriminatory Reasons or Plaintiff Has Demonstrated Pretext**

If a plaintiff establishes a prima facie retaliation case, then the defendant "has the burden of production to provide 'a legitimate, non-discriminatory reason' for the adverse employment action."

*Brown*, 969 F.3d at 577 (citation omitted). "If the employer meets this burden, then the plaintiff has the burden to prove that the proffered reason is pretextual." *Id.* "Showing pretext requires a plaintiff to produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination ... [,] [and] the plaintiff must show that the protected activity was the 'but for' cause of the retaliation." *Willis v. Cleco Corp.*, 749 F.3d 314, 318 (5th Cir. 2014) (citations omitted). Even if Plaintiff had established a prima facie retaliation case, Defendant has demonstrated its Denial was based on legitimate and non-discriminatory reasons. As Plaintiff has not provided argument that these reasons were merely a pretext for actual discriminatory reasons, the case may be dismissed on this ground as well.

According to the record and Defendant's MSJ, Campo knew, when denying the Union's referral of Plaintiff, that (i) in April of 2015, Defendant released Plaintiff from a project because he did not have the tools needed for the job, (ii) in September of 2017, Defendant released Plaintiff from a project because he was often absent from work, and (iii) in October of 2021, Defendant released Plaintiff from a project because he did not follow directions and was absent, without warning, for six days out of the ten he was assigned. (R. Doc. 47-12). Thus, Defendant asserts that the Denial was based on Plaintiff's poor work history. This Court finds Defendant has shown it made its decision for a legitimate reason. Consequently, the burden shifts to Plaintiff to show the reasons offered by Defendant were a pretext for discrimination.

A "reason cannot be proved to be a pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason for the employer's decision." *Evans v. Texas Dep't of Transp.*, 547 F. Supp. 2d 626, 646 (E.D. Tex. 2007), *aff'd,* 273 F. App'x 391 (5th Cir. 2008) (quotations and citations omitted) (emphasis in original). Plaintiff fails to demonstrate that Defendant's offered legitimate reasons were a pretext for discrimination as Plaintiff has not even responded to Defendant's MSJ. As Plaintiff has not met his burden to provide evidence showing the

offered legitimate reasons were a pretext, the MSJ should be granted. *See Smith v. Bd. of Supervisors of S. Univ.*, 656 F. App'x 30, 33-34 (5th Cir. 2016) (summary judgment was granted and a retaliation claim was dismissed when a plaintiff only provided conclusory statements and speculation regarding her protected action being the cause of her termination since court found she had "not met her burden to show that a genuine issue of material facts exists as to whether the [defendant's] proffered legitimate reason was a pretext for retaliation and that [her protected action] was the but-for cause of her termination"); *see also Feist*, 730 F.3d at 455 (summary judgment dismissing retaliation claim affirmed where defendant "offered a non-retaliatory explanation for [plaintiff's] dismissal, and [the plaintiff] presented no evidence of pretext"); *see also Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 487 (5th Cir. 2008) (citations omitted) ("A plaintiff cannot prove pretext simply by re-raising her otherwise non-actionable allegations of retaliation—such an argument offers no more than the plaintiff's subjective belief that the defendant acted in a retaliatory manner on multiple occasions.").

## III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the MSJ be **GRANTED** (R. Doc. 47), that the Motion to Compel (R. Doc. 45) be **DENIED AS MOOT**, and that this matter be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on April 29, 2026.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

9